JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709
RANDOLPH J. ST. CLAIR
Assistant United States Attorney
United States Attorney's Office
400 South Virginia, Suite 900
Reno, Nevada 89501
775-784-5438
Randy.StClair@usdoj.gov

*Representing the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:13-CR-00075-LRH-CSD |
| Plaintiff, | |
| v. | **Government's Response to Defendant's Motion to Terminate Remaining Supervised Release Term [ECF No. 66]** |
| DARYL LEE HEATH, | |
| Defendant. | |

Certification:  This Response is timely. (*See* ECF No. 67)

### I.   INTRODUCTION

After reviewing Defendant's Motion to Terminate Remaining Supervised Release Term ("Motion") the government hereby files its response. The government has consulted with the United States Probation Office to gain updated information regarding Defendant's compliance on supervised release. The government opposes Defendant's Motion.

/ / /

/ / /

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On September 16, 2014, Defendant pled guilty to a one count Superseding Information; Count 1, Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). *See* Presentence Investigation Report ("PSR") at 3.

On March 2, 2015, the Court imposed a sentence below the sentencing guidelines, ordering Defendant to serve one day (credit for time served) and a lifetime term of supervision. So, Defendant's term of supervised release began immediately following the sentencing hearing. *See* ECF No. 65.

During Defendant's time on supervised release he has not had an alleged violation; however, there was a recent concerning incident in August of 2022 involving one of Defendant's polygraph examinations.

## III.     ARGUMENT

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). "Those factors include, inter alia, the nature and circumstances of the offense, history and characteristics of the defendant, deterrence of criminal conduct, protection of the public from further crimes, the provision of education and/or vocational training, effective correctional treatment, consideration of the established sentencing range and sentencing policies for the crime committed, and the need for

restitution." *United States v. Tanner*, No. 2:00-cr-00193-KJD-LRL, 2010 WL 4823687 at *1 (D. Nev. Nov. 22, 2010).

While "a district court enjoys discretion to consider a wide range of circumstances when considering whether to grant early termination," *Emmett*, 749 F.3d at 819, "[t]he defendant has the burden to demonstrate that early termination of supervised release is justified," *United States v. Carter*, No. CR 10–0363, 2013 WL 225875 at *1 (N.D. Cal. May 22, 2013) (citing *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)). Even though "a federal district court need not hold a hearing before ruling on a defendant's motion for early termination of … supervised release," *United States v. Hamlin*, No. LA CR 10-00684, 2014 WL 11737321, at *4 (C.D. Cal. Sept. 18, 2014) (internal quotation marks omitted), "[a] district court's duty to explain its sentencing decisions must also extend to requests for early termination of supervised release," *Emmett*, 749 F.3d at 820.

At the time of this response, Defendant has been on supervised release for less than eight (8) years of the lifetime supervision imposed, he has paid his financial obligations as imposed by the court, including restitution owed, and he has not had an official violation. However, the government opposes early termination for the following reasons: Less than eight (8) years on supervision, even with perfect compliance, on a sentence of lifetime supervision is simply not long enough for probation or the Court to be able to even *attempt* to predict the likelihood of whether Defendant will re-offend or remain law abiding. And recently, Defendant had a troubling episode with a polygraph examination that ultimately led to an admission that could have been the basis for a violation.

On August 3. 2022, at Gambit Polygraph Services, Defendant failed his polygraph examination; deception was indicated. He submitted to another polygraph on August 9,

3

2022, and passed. The government inquired with U.S. Probation to find out details of these two polygraph examinations and was told the following: "Initially, Heath failed on the question of visiting a sex based business. Heath told the polygrapher during the first test that he had gone to a vape shop and noticed the shop had a sex swing/doll and adult toys in the back of the business. After the test, Heath eventually admitted he had spent time looking at the items. It was unclear why Heath wouldn't admit this at first." While probation chose not to file a violation for this conduct, it is troubling nonetheless and weighs against terminating a period of lifetime supervision imposed just over seven (7) years ago.

It is commendable that Defendant has paid off his legal financial obligations, has learned new skills in retirement, and does charity work for local churches. It is most assuredly a good thing that Defendant has been in compliance, for the most part, over the last seven plus years and has good support at home. But again, these accomplishments are expected as part of a successful term of supervision. "Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant … – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). But "compliance with release conditions, resumption of employment and engagement of family life[ ] are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate." *United States v. Bauer*, No. 5:09-cr-00980, 2012 WL 1259251, at *2 (N.D. Cal. Apr.13, 2012). Weighing in the balance against Defendant is the type of crime committed, possession of child pornography, and that a term of lifetime supervision was imposed. He is not coming to the Court with 15 years of near-perfect compliance, or even 10 years of near

perfect compliance—he comes before the Court with less than 8 years of supervised time where just recently, although no violation was alleged, Defendant slipped significantly in his compliance regarding his polygraph and restrictions related to pornography. These are conditions two (2) and six (6) of his Special Conditions of Supervision. *See* ECF No. 65 at 4.

Finally, it should be noted, that compliance in the context of no violative conduct or not committing new crimes is expected of any defendant while on supervised release. "Compliance … is what is expected of a defendant on supervised release; it does not in and of itself constitute an adequate basis to terminate supervised release early." *United States v. Smith*, No. 2:09-CR-00218-KJD, 2015 WL 3797435, at *2 (D. Nev. June 17, 2015); *see also* McComb, 2014 WL 4636034, at *1 ("The Court finds that the conduct of the defendant does not warrant early termination of supervised release, because defendant has claimed no more than having complied with the terms of release."); *Folks v. United States*, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) ("[E]ven '[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'"); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (finding that defendant's resumption of his "pre-incarceration life," including the restoration of family participation, "are expected of a person on supervised release and do not constitute the 'exceptional behavior'" contemplated by § 3583(e)(1)).

Given Defendant's relatively short period of time on supervision, less than eight years on a lifetime term, coupled with the recent problematic polygraph examination, the government is not confident that Defendant can operate safely in the community without continued supervision. Respectfully, the Court should deny the motion.

## IV. CONCLUSION

Early termination of supervision is not appropriate at this time. As such, for the reasons stated above, the United States respectfully requests the Court deny Defendant's Motion.

Dated this 29th day of August 2022.

                                              JASON M. FRIERSON  
                                              United States Attorney

                                              */s/ Randolph J. St. Clair*  
                                              RANDOLPH J. ST. CLAIR  
                                              Assistant United States Attorney