UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARYL LEE HEATH,<br><br>Defendant. | Case No. 3:13-cr-00075-LRH<br><br>ORDER |

Before the Court is Defendant Daryl Heath's motion to terminate supervised release (ECF No. 66). In September 2014, Heath pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The Court later sentenced him to one day of imprisonment (time served), and a lifetime term of supervised release. His supervised release began on March 2, 2015. At this time, he is 62 and has served roughly eight years of his lifetime supervision.

18 U.S.C. § 3583(e)(1) permits a court to terminate supervised release early if, after considering certain factors set forth in 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Section 3553(a) provides, in relevant part:

> (a) **Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
>     (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>     (2) the need for the sentence imposed—
>     …
>         (B) to afford adequate deterrence to criminal conduct;
>         (C) to protect the public from further crimes of the defendant; and

> (D) to provide the defendant needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . .
>
> (4) the kinds of sentence and the sentencing range established for
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> …
> (B) in the case of a violation of probation or supervised the release, the applicable policy statements issued by the Sentencing Commission
> …
> (5) any pertinent policy statement …
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense[.]

After review of all relevant factors, the Court finds that early termination of supervised release is not warranted.

The nature and circumstances that gave rise to Heath's offense are especially concerning. Heath had been downloading child pornography for as long as 5 to 10 years. Over 550 child pornography files were found on his computer. Roughly 49 identifiable children were depicted in the files, with the youngest being approximately 4 years old. Heath admitted to task force officers that he looked at child pornography on a daily basis and that he liked looking at child pornography that depicted children between the ages of 4 to 12 years old. Examples of the child pornography possessed by Heath showed graphic pornography, commonly including young girls between the apparent ages of 4 to 10 years old performing fellatio on adult males and being exposed to other graphic sexual exploitation.

Based on Heath's offense and the circumstances involved in the offense, he could have received up to 10 years in prison, a fine of $250,000, and a term of supervised release following prison of 5 years to life. Under the sentencing guidelines, he faced a sentence of 78 months to 97 months imprisonment followed by 5 years to life of supervised release. In a lengthy sentencing memorandum prepared by Heath's counsel, and as argued by his counsel at his sentencing hearing, a sentencing departure "to a period of sixty months of house arrest followed by a lifetime of supervision." (ECF No. 59, 4:7-8) was repeatedly requested. The Probation Office recommended a downward departure from the guideline minimum of 78 months incarceration to 60 months

imprisonment followed by the requested lifetime term of supervised release.  At the time of his sentence, Heath was suffering from two cancerous tumors behind his eyes, was blind in his left eye, and was awaiting surgery in the hope of removing the tumors.  He also was on heavy ongoing medications. Based upon his medical condition and the presence of family support, the Court chose to impose the one day of imprisonment, representing time served, and imposed the lifetime term of supervised release.  The Court also ordered Heath to pay restitution in the amount of $2,500 and a special assessment fee of $100.  The Court found this major downward variance of imprisonment was appropriate given Heath's health conditions, his family circumstances, and the financial burden imprisonment would impose.

If the Court had imposed the low end of the guideline range applicable to Heath and had given him the minimal available term of supervised release of 5 years, Heath would have been released from prison, at the earliest, in early 2021 and would be serving the minimum 5 year term of supervised release until 2026. However, based upon all that was before the Court, the minimal incarceration of one day was imposed to be followed by the requested lifetime term of supervised release.

Heath has since served eight years of supervised release and completed all monetary obligations.  Though he has not had any technical violations of the conditions of his supervised release, a number of polygraph examinations that Heath has participated in during his supervised release have indicated deception and exhibited less than full disclosure and candor.  These results are concerning because the deception was often in relation to questions regarding Heath's contact with or use of pornographic materials, which is prohibited by the specific terms of his supervised release.  The Court notes there was no suggestion of child pornography.

The Court does commend Heath for his successful completion of sex offender treatment, pursuit of learning new skills, participation in church activities and charity work, and his full satisfaction of $2,500 in restitution.  It is evident that Heath is taking strides to be a positive, active member of his community and to avoid further access and exposure to child pornography.  But in full consideration of the applicable factors set forth in 18 U.S.C. § 3553(a), particularly in consideration of the nature and circumstances of the offense outlined above, and the need for the

sentence imposed, early termination of a lifetime term of supervised release is not warranted at this time. Accordingly, the Court denies Heath's motion for termination of supervised release.

IT IS THEREFORE ORDERED that Heath's motion to terminate supervised release (ECF No. 66) is denied.

IT IS SO ORDERED.

DATED this 30th day of December, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE